IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PHILIP TUCKER and TONI HOTTEN,                                  3:09-cv-1491-AC

                                    Plaintiff,          ORDER ON OBJECTIONS TO WITNESS
                                                                          TESTIMONY

                    v.

CASCADE GENERAL, INC., an Oregon
corporation; and UNITED STATES OF
AMERICA,

_____Defendants._____

ACOSTA, Magistrate Judge:

        This Order addresses the parties' proposed witness testimony, which appear in the court file

as Docket No. 291 (Tucker's Amended Final Witness List), and Docket No. 274 (Final Witness List

of Defendant, United States of American).  The court issued a separate order containing its ruling

on the parties' respective motions in limine.  To the extent the parties made objections to the

proposed witness testimony that fall within the scope of the motions in limine, the parties are

1 - ORDER: *OBJECTIONS TO WITNESS TESTIMONY*

directed to consult the court's rulings on those motions.  In the event of a conflict between the court's ruling on the motions in limine and the court's ruling on the motions in limine control.

## I.    Phillip Tucker's Witnesses

### A.    David Adler, M.D.

The government's objections to testimony by David Adler, M.D., are detailed in the United States' Motion in Limine No. 9C.

> **RULING:    SUSTAINED, in part, and OVERRULED, in part, in accordance with the court's ruling on the United States' Motion in Limine No. 9C.**

### B.    Christopher Clement

The government's objection to Christopher Clement's testimony is detailed in the United States' Motion in Limine No. 10B.

> **RULING:    OVERRULED in accordance with the court's ruling on the United States' Motion in Limine No. 10B.**

### C.    Danielle L. Erb, M.D.

The government's objection to testimony by Danielle L. Erb, M.D., is substantially similar to the objections stated in Tucker's Exhibit No. 318 and are detailed in the United States' Motion in Limine No. 9A.

> **RULING:    SUSTAINED, in part, and OVERRULED, in part, in accordance with the court's ruling on the United States' Motion in Limine No. 9A.**

### D.    Anne Marie Hamburg, M.D.

The government's objections to testimony by Anne Marie Hamburg, M.D., are detailed in the United States' Motion in Limine No. 9D.

> **RULING:    OVERRULED in accordance with the court's ruling on the United States' Motion in Limine No. 9D.**

E.    *William Kelley*

The government's objections to the testimony of William Kelley are detailed in the United States' Motion in Limine No. 10C.

> **RULING:    OVERRULED in accordance with the court's ruling on the United States' Motion in Limine No. 10C.**

F.    *Jaime Nicacio, M.D.*

The government's objections to testimony by Jaimie Nicacio, M.D., are detailed in the United States' Motion in Limine No.9B.

> **RULING:    SUSTAINED, in part, and OVERRULED, in part, in accordance with the court's ruling on the United States' Motion in Limine No. 9B.**

G.    *John Reski, M.D.*

The government's objections to testimony by John Reski, M.D., are detailed in the United States' Motion in Limine No. 9E.

> **RULING:    SUSTAINED, in part, and OVERRULED, in part, in accordance with the court's ruling on the United States' Motion in Limine No. 9E.**

H.    *Mitchell Stoller*

The government's objections to testimony of Mitchell Stoller are detailed in the United States' Motion in Limine No. 10D, and the United States' Response to Plaintiff's Motion to for Leave to Perpetuate Testimony for Trial.

> **RULING:    OVERRULED in accordance with the court's ruling on the United States' Motion in Limine No. 10D.**

I.    *Douglas Wolff*

The government's objections to testimony of Douglas Wolf are detailed in the United States' Motion in Limine No. 10A.

> **RULING:**    OVERRULED in accordance with the court's ruling on the United States' Motion in Limine No. 10A.

**II.    <u>United States' Witnesses</u>**

As a preliminary matter, Tucker objects to deposition testimony offered for any witness who is available, whether called or not. The United States acknowledges deposition testimony offered at trial must comply with FED. R. CIV. P. 32. In accordance with its prior rulings in this case, the court will require the parties to satisfy the requirements of Rule 32, prior to offering deposition testimony at trial.

*A.    Ralph Banse-Fay*

Tucker objects to the testimony of Ralph Banse-Fay insofar the United States intends to offer testimony concerning the parties' intent regarding the contractual indemnity clause, and the "requirement" for Cascade General, Inc. to follow the Corps safety manual and federal regulations.

The government states it has no intention of eliciting testimony from Banse-Fay as to his subjective understanding or interpretation of the contracts, which have been admitted in evidence without objection.

> **RULING:**    SUSTAINED in accordance with the court's ruling on the United States' Motion in Limine No. 8.

*B.    Sheryl Carrubba*

Tucker objects, as not relevant, to the testimony of Sheryl Carrubba insofar as she attempts to establish the "defense of the realm".

The government determined it is unnecessary to call Carrubba at trial.

> **RULING:**    OVERRULED as moot.

4 - ORDER: *OBJECTIONS TO WITNESS TESTIMONY*

C.    *Thomas Dyer (Deposition Testimony)*

Tucker objects to any testimony proffered by the United States of Thomas Dyer, one of Tucker's expert witnesses. Tucker further requests if the United States is permitted to call Dyer, the government be ordered to reimburse Tucker for all fees and costs he incurred associated with Dyer.

Dyer lives in Seattle, Washington, and thus is beyond the subpoena power of the court, *i.e*, outside this District and more than 100 miles from court. The United States explains that Tucker formally disclosed Dyer as a testifying expert and, accordingly, his testimony is subject to FED. R EVID. 703. Moreover, Tucker, filed as part of the official court record, the summary of Dyer's testimony and a copy of his expert report. Dyer's sworn deposition testimony was taken on April 6, 2012, and the United States paid Dyer $1,080 for his time in deposition at his normal hourly rate pursuant to the requirements of FED. R. CIV. P. 26(b)(4)(E).

> RULING:    **OVERRULED. The United States established a proper basis for use of deposition testimony under Rule 32(a)(4)(B); and complied with the requirements of Rule 26(b)(4)(E). Finally, a party may use for any purpose the deposition of an "unavailable witness." FED. R. CIV. P. 32(a)(4). Moreover, the use of deposition testimony at trial under Rule 32(a)(4) is a recognized exception to the hearsay rule.** *Nationwide Life Ins. Co. v. Richards*, **541 F.3d 903, 913 (9th Cir.2008). Thus, if testimony of an unavailable witness is properly admitted under Rule 32(a)(4), it need not also meet the requirements for admissibility under Rule 804(b).** *Id.* **Nor is the government required to reimburse Tucker for Dyer's fees.**

D.    *Dr. David C. Spencer (Deposition Testimony)*

Tucker objects to Dr. David C. Spencer's testimony introduced via deposition, rather than live. The United States informed the court it plans to call Dr. Spencer live at trial.

Additionally, Tucker objects for lack of foundation and relevance to Dr. Spencer testifying:

> Q.    BY MS. FRANKEN: Would you agree with me that methamphetamine could
> also trigger a seizure in someone with an underlying – underlying tendency
> towards seizure activity?

MR. CAREY: Same objection.

THE WITNESS:        I'd agree with that.

(Cross talk.)

THE WITNESS:        Sorry.  I would agree with that.

Finally, by his objection to Dr. Spencer's testimony, Tucker offers Exhibits 602 (Invoice),

608 (Independent Neuropsychological Evaluation by Arthur D. Williams, Ph.D.) and 609

(Independent Medical Evaluation by James C. Rockwell, M.D.).  The United States objects to

Tucker's proposed Exhibit 602 as irrelevant.  With regard to proposed Exhibits 608 and 609, the

government objects because neither Dr. Williams nor Dr. Rockwell were disclosed pursuant to Rule

26(a)(2), and neither exhibit was listed on Tucker's final exhibit list.

> **RULING:      SUSTAINED in accordance withe court's ruling on Tucker's Motion in
> Limine No. 2.  OVERRULED as moot regarding Tucker's objection to
> Dr. Spencer's testimony by deposition.  The government will call Dr.
> Spencer at trial.  Finally Tucker has withdrawn his request to offer
> Exhibits Nos. 602, 608, and 609.**

E.    *Douglass Wolff (Deposition/Video Testimony)*

First, Tucker objections to the video testimony of Dr. Douglas Wolff on the ground it calls

for legal conclusions.  The United States responds that Wolff, designated as an expert by Tucker,

was a naval architect who used the relevant Code of Federal Regulations as part of his regular job

duties.  The government contends Wolff was not being asked to testify as an attorney, but as an

expert who was required to use, understand, and adhere to the specified CFRs in order to perform his regular job duties.

Next, Tucker objects to testimony elicited by Michael Underhill, counsel for the United States, by reading excerpts of deposition testimony from four witnesses to Wolff and asking Wolff at the conclusion of each excerpt whether Underhill read the testimony "accurately". Tucker objects to this testimony on the ground it is improper cross-examination and/or impeachment to read from the deposition testimony of another witness to whom the expert witness being examined has never talked to, reviewed the testimony of, or relied upon. Finally, if the court overrules this objection by Tucker, he proposes to offer certain testimony by Wolff.

The United States charges Cascade General, Inc. and Tucker purposefully withheld from Wolff certain case materials that go to the core of the liability issues in this case. According to the government, the most critical of the withheld materials were depositions of percipient witnesses whose testimony was detrimental to Cascade's and Tucker's respective cases. The United States argues Wolff is an expert witness, subject to FED. R. EVID. 703, and he can consider what otherwise would be excludable as hearsay. Moreover, an expert can be asked if he considered certain facts in rendering his opinion. Finally, the expert can be asked hypotheticals once a foundation has been laid; and he can be asked what his opinion(s) would be if he considered other facts previously not considered. With respect to the proffered testimony here, the government contends it provided Wolff with sworn, verbatim percipient testimony that laid a proper evidentiary foundation for the questions concerning the witness' Rule 703 opinion testimony.

> RULING:    **OVERRULED regarding Tucker's objection to the video testimony of Dr. Wolff on the ground it calls for legal conclusions. OVERRULED regarding Tucker's objection to the video testimony of Dr. Wolff on the**

ground it is improper cross-examination and/or impeachment. Finally, Tucker's request to offer certain testimony of Wolff in light of the court overruling his objections to Wolff's testimony is granted as unopposed. Nevertheless, all proffered testimony must comply with the Federal Rules of Evidence.

IT IS SO ORDERED

DATED this 23rd day of April 2014

JOHN V. ACOSTA
United States Magistrate Judge

8 - ORDER: *OBJECTIONS TO WITNESS TESTIMONY*