IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PHILIP TUCKER and TONI HOTTEN,                    3:09-cv-1491-AC

                 Plaintiff,       ORDER ON OBJECTIONS TO EXHIBITS

        v.

CASCADE GENERAL, INC., an Oregon
corporation; and UNITED STATES OF
AMERICA,

                Defendants.

ACOSTA, Magistrate Judge:

    This order addresses the parties' exhibit lists, which appear in the court file as Docket No.

269 (Tucker's Final Exhibit List), and Docket No. 279 (Final (Amended) Exhibit List of Defendant,

United States' of American) This court issued a separate order containing its rulings on the parties'

motions in limine.  To the extent the parties made objections to the proposed exhibits that fall within

the scope of the motions in limine, the parties are directed to consult the court's rulings on those

motions.  In the event of a conflict between the court's rulings on the motions in limine and the

1 - ORDER:  *OBJECTIONS TO EXHIBITS*

court's ruling on an objection to a proposed exhibit, the court's ruling on the motions in limine controls.

I. **Phillip Tucker's Exhibits**[1]

A.    *Tucker's Exhibit No. 318 (H-1, Page 5-7)*

This document is a report issued by Dr. Danielle Erb in response to a request by Tucker's counsel. The United States objects to this document, and related expert testimony, as not properly disclosed pursuant to Rule 26. Exclusion of Dr. Erb's testimony is detailed in the United States' Motion in Limine No. 9A.

> **RULING:    SUSTAINED, in part, and OVERRULED, in part, in accordance with the court's ruling on the United States' Motion in Limine No. 9A.**

B.    *Tucker's Exhibit No. 327 (Demonstrative Exhibit)*

This is a demonstrative exhibit, a model of the access way in the upper pump room. The United States objects to this demonstrative exhibit on the grounds it is irrelevant, hearsay, lacks foundation, undue prejudice and potentially confusing or misleading. Counsel for the United States has not examined the model.

> **RULING:    DEFERRED. The court will allow Tucker an opportunity at trial to establish a foundation for this exhibit.**

II. **United States' Exhibits**

A.    *United States' Expert Reports – Exhibits Nos. 547, 551-554, 558, 568-571, 580-583*

The United States' Exhibit Nos. 547, 551-554, 558, 568-571, 580-583 are expert reports. Tucker objects to the admission of the United States' expert witnesses' reports. Tucker contends the

---

[1]For the purpose of preserving objections, the United States reasserts all objections previously made with respect to exhibits. Unless expressly noted, all prior rulings by the court to objections on exhibits remain in effect.

enumerated reports of experts are inadmissable because they include hearsay and are cumulative of the witnesses' live testimony.

Previously, in response to Tucker's objections, including unfair prejudice before the jury, the court excluded the government's expert reports – Exhibits Nos. 527, 528, 529, 530, 531, and 532. The United States contends with a bench trial unfair prejudice to the jury is no longer a concern. The government asserts, without citation, that expert reports typically are admitted as exhibits in admiralty bench trials. Further, the United States argues expert reports are admissible even in jury trials, pursuant to FED. R. EVID. 703, for the limited purpose of providing a foundational showing of the facts and data relied upon by the expert in forming his/her opinion. The reports are not admissible to prove the truth of the matter asserted. *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984) ("the hearsay evidence is to be considered solely as a basis for the expert opinion and not as substantive evidence").

> **RULING:**   **SUSTAINED. While expert reports are admissible under Rule 703, to be considered solely as a basis for the expert opinion, it seems unnecessary in this case. Certainly, the United States can elicit testimony from its experts to explain the foundation for their respective opinions and conclusions. Alternatively, if the government can cite to legal authority in support of its contention that expert reports are typically admitted as exhibits in admiralty trials before the bench, the exhibits may be received for the limited purpose allowed under Rule 703.**

B.    *United States' Exhibit No. 555 – Settlement Agreement*

The United States' Exhibit No. 555 is the Settlement Agreement between Tucker and Cascade General, Inc. ("Cascade"). Tucker objects to the admission of this Agreement on the ground it is not relevant. According to Tucker, Cascade and the United States are jointly and severally liable for the harm incurred.

3 - ORDER: *OBJECTIONS TO EXHIBITS*

The United States contends Tucker fundamentally misstates the law regarding the government's allocation of fault. Relying upon the Supreme Court's decision in *McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994), the United States asserts a nonsettling party in an admiralty case may be held liable only for its proportionate share of fault. The United States maintains a settlement in an admiralty case changes the normal rules of joint and several liability, whereby a plaintiff (absent settlement with the settling defendant) could collect 100% of his damages from the other co-defendant found only 10% at fault. *See In re Exxon Valdez*, 229 F.3d 790, 796-97 (9th Cir. 2000) ("The proportionate share approach is the law in the Ninth Circuit, has been adopted by the Supreme Court for use in maritime actions, and is the approach recommended by the American Law Institute."). Accordingly, the United States insists the Settlement Agreement is relevant to the issues to be resolved through trial and should not be excluded.

In *McDermott, Inc.*, 511 U.S. 202, the Court considered the proper method for calculating liability for nonsettling defendants in admiralty tort cases. After analyzing three alternatives, the Court concluded the liability of nonsettling defendants should be calculated with reference to the allocation of proportionate responsibility rather than giving nonsettling defendants a credit for the amount of the settlements obtained by plaintiffs. *Id.* at 204.

Under *McDermott, Inc.*, "no suits for contribution from the settling defendants are permitted, nor are they necessary," because nonsettling defendants will pay no more than their share of the judgment. *Id* at 209 (as determined by the factfinder). The Court noted joint and several liability allows a plaintiff to recover from one of many defendants when a plaintiff's recovery is limited by factors outside the plaintiff's control, such as a defendant's insolvency, thus making other defendants, rather than the innocent plaintiff, responsible for the shortfall. *Id.* at 220-21. When a

settlement occurs, however, plaintiff's recovery has not been limited by outside forces, but instead

by plaintiff's own decision to settle. *Id.* at 221. Thus, the Court found no reason to allocate a

potential shortfall to a nonsettling defendant and allow plaintiff a double recovery. "Just as the other

defendants are not entitled to a reduction in liability when the plaintiff negotiates a generous

settlement . . . so they are not required to shoulder disproportionate liability when the plaintiff

negotiates a meager one." *Id.*

> RULING: **SUSTAINED. The United States is correct that under the circumstances of this case, *i.e.*, Cascade's settlement with Tucker, it cannot be held jointly and severally liable for the damages arising from the harm to Tucker. Under the "proportionate share" approach adopted by the Supreme Court in *McDermott, Inc.*, settling parties are not entitled to seek contribution or indemnity because settling parties assume the finality and potential benefit and risk of their settlement decisions. Here, the government is liable only for its portion of the harm caused, *i.e.*, the final judgment of liability against the United States is decreased by the percentage of fault attributed to Cascade. Nevertheless, the Settlement Agreement is not relevant to the government's apportionment of liability as the United States is not entitled to deduct amounts paid by Cascade from the proportionate amount of the damages owed due to the government's wrongful conduct. A settling tortfeasor is presumed to pay only for his proportionate liability, and the nonsettling defendants get no credit for the amount paid by a settling tortfeasor. Thus, the United States' liability in this case will be calculated in reference to this court's allocation of proportionate liability for the total damages incurred, without regard to amounts paid by Cascade.**

C.    *United States' Exhibit No. 556 – Dr. Anne Hamburg's List of Work Restrictions*

The United States' Exhibit No. 556 is Dr. Anne Hamburg's list of work restrictions. Tucker

objects to the admission of this document for lack of foundation because Dr. Hamburg, one of

Tucker's treating physicians, is not a vocational expert.

The United States contends physicians determine work restrictions, vocational experts apply

them. According to the government, in worker injury cases, doctors commonly prepare a list of work

5 - ORDER: *OBJECTIONS TO EXHIBITS*

restrictions that are then used by vocational experts to determine suitable employment. Dr. Hamburg's list of restrictions is a list of the type typically prepared by doctors.

**RULING:**    **OVERRULED.**

D.    *United States' Exhibit No. 571 – Thomas Dyer's Report*

The United States Exhibit No. 571 is Thomas Dyer's Report. Tucker objects to the admission of this document on the ground Dyer is Tucker's expert, not the government's. additionally, Tucker challenges the report as cumulative and containing hearsay. The United States renews its objections set forth in its Reply to Tucker's Objections to the Witnesses.

**RULING:**    **SUSTAINED in accordance with the court's ruling above regarding admission of expert reports.**

E.    *Code of Federal Regulations – United States' Exhibits Nos. 572 and 573*

The United States' Exhibit No. 572 and 573 are copies of the Code of Federal Regulations ("C.F.R."), 29 C.F.R. § 1918.43(h) and 46 C.F.R. § 90.05, respectively. Tucker objects to the admission of these two documents on relevance grounds.

The United States contends the C.F.R.s establish the standards applicable to issues concerning alleged design defects of the vessel. The United States also notes the relevant C.F.R.s may be judicially noticed by the court, without regard to admissibility.

**RULINGS:**    **SUSTAINED. Both parties may rely upon and argue all applicable law, and it is unnecessary to have that law admitted as an exhibit.**

F.    *United States' Exhibit Nos. 574-577 – Deposition Testimony of Lay Witnesses*

The United States' Exhibit Nos. 574-577 are the deposition testimony of certain enumerated lay witnesses. Tucker objects to the admission of the enumerated deposition testimony on the ground it is cumulative.

6 - ORDER: *OBJECTIONS TO EXHIBITS*

The United States explains the proposed deposition testimony is of Cascade's percipient witness and were used in the government's examination of Tucker's expert, Douglas Wolff.

>**RULING:** **SUSTAINED in accordance with the court's ruling on Tucker's objection to the admission of Wolff's deposition/video testimony. While the United States is permitted to offer the proposed deposition/video testimony of Wolff, it is not necessary for the court to receive as exhibits the deposition testimony of the percipient witnesses relied upon by the government during Wolff's cross examination.**

G.    *United States Exhibit No. 578 – Supplemental Report of Thomas Weiford*

The United States' Exhibit No. 578 is Thomas Weiford's supplemental report dated March 3, 2014. Tucker objects to the admission of this report on the ground the government failed to provide him with a copy of the report. Further, Tucker contends the supplemental report should be excluded as untimely and, in any event, Tucker argues the report is hearsay and cumulative.

The United States explains that in his report September 20, 2013, Weiford noted the minimum wage rate in Oregon would increase to $9.10/hour, beginning in January 2014; and Washington would announce its new minimum wage rate by the end of 2013. As this trial was continued from the fall of 2013, until the spring of 2014, the increased minimum wage rates make a slight difference in calculated losses. In the supplemental report, Weiford notes the new minimum wage rate in Washington is now $9.32/hour. The government warrants the substantive analysis of Weiford's previous reports has not been altered.

>**RULING:** **OVERRULED, although the United States is ordered to provide Tucker a copy of the supplemental report.**

H.    *United States Exhibit No. 579 – Supplemental Report of Laura Taylor*

The Unites States' Exhibit No. 579 is Laura Taylor's supplemental report dated March 13, 2014. Tucker objects to the admission of this report on the ground the government failed to provide

7 - ORDER: *OBJECTIONS TO EXHIBITS*

him with a copy of the report. Further, Tucker contends the supplemental report should be excluded as untimely and, in any event, Tucker argues the report is hearsay and cumulative.

The United States explains this supplemental report by economist, Laura Taylor, simply notes a change to the minimum wage rate in Washington, as reported by Weiford, and the effect of that rate on calculations of lost wages. Once again the government warrants the substantive analysis of Taylor's previous reports has not been altered.

RULING:    **OVERRULED, although the United States is ordered to provide Tucker a copy of the supplemental report.**

IT IS SO ORDERED

DATED this 22nd day of April 2014

JOHN V. ACOSTA
United States Magistrate Judge