IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PHILLIP TUCKER,

            Plaintiff,

v.

CASCADE GENERAL, INC., an Oregon corporation, and UNITED STATES OF AMERICA,

            Defendants.

3:09-cv-1491-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

On March 2, 2015, this Court entered Judgment (ECF No. 370) in favor of Philip Tucker ("Tucker") on the Second Claim for Relief (Negligence against the United States) in his Third Amended Complaint, and awarded damages in the amount of $5,038,593.50; post-judgment interest at the rate of 4% per annum from the date of Judgment until satisfied; and costs pursuant to FED R. CIV. P. 54. Tucker filed a Bill of Costs (ECF No. 378) seeking $21,823.87 in costs as the prevailing party in this action. The United States filed Objections to Tucker's request for costs. For the reasons

1 – OPINION AND ORDER

set forth below, the Court grants, in part, and denies, in part, Tucker's Bill of Costs.

*Legal Standard*

Rule 54(d)(1) provides "costs – other than attorney's fees – should be allowed to the prevailing party." FED R. CIV. P. 54(d)(1). The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920.[1] In the Ninth Circuit, this rule creates a presumption in favor of awarding costs to a prevailing party; if a district court departs from that presumption, it must provide an explanation so the appellate court can determine whether the district court abused its discretion. *See, e.g., Association of Mexican-Am. Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*) (If disallowing costs, the district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."); *see also Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir. 2003) (district court "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award"). The trial court has wide discretion in awarding costs under FED

---

[1] 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

R. CIV. P. 54(d) and is "free to construe the meaning and scope of the items enumerated as taxable costs . . . ." *Kelley v. Sears, Roebuck, and Co.*, No. 01-cv-1423-ST, 2004 WL 1824121, *3 (D. Or. Aug. 10, 2004).

Pursuant to Local Rule 54.1(a)(1), the prevailing party must provide a "detailed itemization of all claimed costs" and "appropriate documentation." In addition, LR 54.1(a)(2) states the cost bill must be verified as required by 28 U.S.C. § 1924, which requires an affidavit that the items within the cost bill are correct, have been necessarily incurred in the case, and the services for which fees have been charged were actually and necessarily performed. Simply filing a list of charges without supporting documentation is not "appropriate documentation." *See, e.g., Primerica Life Ins. Co. v. Ross*, No. 06-cv-763-PK, 2006 WL 3170044, *3 n.2 (Nov. 1, 2006) (statement of total amount of costs unaccompanied by information that would allow court to exercise discretion to determine reasonableness of costs not sufficient documentation).

*Analysis*

Tucker submitted a Bill of Costs seeking $21,823.87 for the following fees: service of summons or subpoena ($110), printed or electronically recorded transcripts ($17,419.40), disbursements for printing ($1,408.63), witnesses ($1,729.84), compensation for court-appointed experts ($300), and "other costs" ($856).[2] (Pl.'s Bill of Costs.) In support of his request for reimbursement of costs, Tucker provided an itemization, including the total amount sought for each requested category of expense, a breakdown of the expenses that comprised a particular category, and the date the costs were incurred. (Gordon T. Carey Decl. Exs. II-V and X-XI, April 2, 2015.)

---

[2]The "other cost" of $856 was incurred in the design and manufacture of a Demonstrative Exhibit used extensively at trial.

3 – OPINION AND ORDER

Additionally, in his Declaration filed with the Court, Carey, who was sworn on oath, stated: "I make this affidavit in support of plaintiff's Bill of Costs. The following is true to the best of my knowledge, information and belief." (Carey Decl. ¶ 1.) The Court is satisfied Tucker properly verified the Bill of Costs in accordance with the requirements of LR 54.1, and now turns to the specific items sought and the United States' Objections to certain requested amounts.

I. Cost Items

    A. *Fees of the Clerk and Marshal – 28 U.S.C. § 1920(1)*

Tucker seeks reimbursement of $110 as money paid for service of summons and subpoena, specifically, a $45 fee for service of the Summons and Complaint on the United States; and a $65 fee paid for service of a subpoena upon Steven Ross Cinkowsky. (Carey Decl. ¶ 3; Ex. II.) The United States does not object to this cost item.

A prevailing party may recover "[f]ees of the clerk and marshall[.]" 28 U.S.C. § 1920(1). The evidence establishes Tucker was invoiced $110 "for service of summons and subpoenas" incurred in serving the Complaint and Summons on the United States and serving a subpoena on Cinkowsky. The government does not object to this claimed cost. Tucker's payment for service of summons and subpoena was necessary and is a recoverable item under Rule 54(d)(1). Accordingly, this cost is allowed in the amount of $110.

    B. *Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for use in the Case – 28 U.S.C. § 1920(2)*

Tucker requests reimbursement of $17,419.40 in fees paid for printed or electronically recorded transcripts, perpetuation depositions, and trial transcripts. (Carey Decl. ¶ 4; Ex. III.) Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically

recorded transcripts necessarily obtained for use in the case[.]" *See also* FED. R. CIV. P. 54(d)(1) ("costs . . . should be allowed to the prevailing party").

The United States objects only to amounts that are unsupported by the evidence. Specifically, the government seeks a reduction of: (1) $59.75 from the $272.50 fee requested for Josh Economides's transcript because the supporting invoice shows that transcript billed at $212.75 (Carey Decl. Ex. III, at 34); (2) $59.80 from the $325 fee requested for Toni Hotten's transcript because the supporting invoice shows that transcript billed at $265.20 (Carey Decl. Ex. III, at 35); (3) $59.80 from the $356.45 fee requested for Michael Medcalf's transcript because the supporting invoice shows that transcript billed at $296.65 (Carey Decl. Ex. III, at 34); (4) $90 from the $650.75 fee requested for David Spencer's transcript because the supporting invoice shows that transcript billed at $560.75 (Carey Decl. Ex. III, at 63); (5) $60 from the $616.80 fee requested for John Sullivan's transcript because the supporting invoice shows that transcript billed at $556.80 (Carey Decl. Ex. III, at 34); and (6) $41.30 from the $298 fee requested for Philip Tucker's transcript because the supporting invoice shows that transcript billed at $256.70 (Carey Decl. Ex. III, at 34.) Based upon the foregoing, the United States' request for a $370.65 deduction in the fees sought by Tucker for printed or electronically recorded transcripts is granted.

The United States does not object to the other witness fees claimed by Tucker and, as set forth above, those fees are allowable. Further, this case was tried to the Court and the parties were ordered to submit proposed Findings of Fact and Conclusions of Law to aid the Court's resolution of this matter. As such, the transcripts were necessary for Tucker to prepare his proposed Findings of Fact and Conclusions of Law. Further, the expense of the transcripts is a recoverable item under Rule 54(d)(1) provided there is appropriate documentation. Here, Tucker submitted documentation

to support an award of costs in this category in the amount of $17,058.75 ($17,419.40 - $370.65). Accordingly, this cost is allowed in the amount of $17,058.75.

        C.     *Fees and Disbursements for Printing and Witnesses – 28 U.S.C. § 1920(3)*

Tucker requests reimbursement of $1,729.84 in costs incurred to obtain the witnesses' appearance at trial. (Carey Decl. ¶ 6; Ex. V.) The requested witness costs include an attendance fee of $40 per day/per witness, mileage for seven of the witnesses, and subsistence for an expert witness. *See* 28 U.S.C. §§ 1821(2)(b), (c) and (d). Witness fees, including a daily attendance fee and travel expenses as set forth in 28 U.S.C. § 1821, are taxable as costs under 28 U.S.C. § 1920(3) and FED. R. CIV. P. 54(d)(1). Under § 1821(a)(1), witness fees are recoverable for a witness "in attendance at any court of the United States or before a United States Magistrate Judge, or before any person authorized to take his deposition." To be taxable as costs the witness's testimony must be material to an issue tried and reasonably necessary to its disposition. *United California Bank v. THC Financial Corp.*, 557 F.2d 1351, 1361 (9th Cir. 1977). The trial judge is in the best position to determine whether the testimony meets this standard. *Id.*

The United States opposes an award of witness fees only to the extent a particular requested expense is unsupported by the evidence. Specifically, Tucker failed to include appropriate documentation for the mileage allowances sought for six witnesses. Simply put, Tucker has not established the requested charges were billed or paid by Tucker. Consequently, the United States' request to deduct the following unsubstantiated fees for mileage from Tucker's award of costs in this category is granted:

| | |
|---|---|
| Adam Beck: | $ 15.00 |
| Steven Cinkowsky: | 26.88 |
| Lindsay Docherty: | 15.00 |

6 – OPINION AND ORDER

|  |  |
|---|---|
| William Kelley: | 168.00 |
| Kirk Porter: | 10.00 |
| Eugene Silberberg: | 213.18 |
| Total: | $448.06 |

The United States does not object to the other witness fees claimed by Tucker and, as set forth above, those fees are allowable. Further, with the exception of the amounts disallowed above, Tucker provided appropriate documentation for the requested amounts. Tucker submitted documentation to support an award of costs in this category in the amount of $1,281.78 ($1,729.84 - $448.06). Accordingly, this cost is allowed in the amount of $1,281.78.

D.     *Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)*

Tucker requests reimbursement of $1,408.63 for the cost to print three copies of Tucker's exhibits for trial. (Carey Decl. ¶ 5; Ex. IV.) Tucker submitted invoices to show he incurred the $1,408.63 copying and printing expenses. The United States does not object to this requested cost item.

A prevailing party may recover "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(3) and (4). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Arboireau v. Adidas Salomon AG,* No. 01-cv-105-ST, 2002 WL 31466564, at *6 (D. Or. June 14, 2002). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Id.* Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel. *Frederick v. City of Portland,* 162 F.R.D. 139, 144

7 – OPINION AND ORDER

(D. Or. 1995).

Tucker seeks costs for copying three sets of trial exhibits and two copies of his demonstrative exhibit. These copies were required for trial and are allowable. Additionally, the requested expenses are adequately documented. Accordingly, this cost is allowed in the amount of $1,408.63.

E. *Fees for Interpreters – 28 U.S.C. § 1920(6)*

Tucker requests reimbursement of $300 for fees paid to an interpreter and the costs of special interpretation services under 28 U.S.C. § 1928. (Carey Decl. ¶ 7; Ex. X.) Specifically, Tucker relied upon an interpreter at trial for the testimony of one witness. Tucker submitted the interpreter's invoice in support of this request. The United States does not object to this cost item.

Under 28 U.S.C. § 1920(6), "compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title" are taxable as costs. In *Taniguchi v. Kan Pacific Saipan, Ltd.*, __ U.S. __, 132 S. Ct. 1997, 2002-03 (2012), the Supreme Court held that § 1920(6) applies to oral interpretation and those costs are allowable. Accordingly, this cost is allowed in the amount of $300.

F. *Other Fees - Local Rule*

Finally, Tucker requests reimbursement of $856 for the fee paid to design and manufacture a Demonstrative Exhibit used at trial. (Carey Decl. ¶ 8; Ex. XI.) Specifically, Tucker presented a scale model of the hatch and the hatch covers that were at issue in this litigation. Tucker submitted an invoice for the work done in support of this request. The United States does not object to this cost item.

While neither 28 U.S.C. § 1920, nor 28 U.S.C. § 1821, provide authority for the "other costs", this Court has discretion to award other out-of-pocket expenses that would normally be

8 – OPINION AND ORDER

charged to a fee paying client. The Demonstrative Exhibit was utilized by both parties and the Court during the trial, and it proved to be a useful visual tool in aid of this litigation. The expense amount requested is reasonable. Accordingly, this cost is allowed in the amount of $856.

*Order*

Based upon the foregoing, Tucker's Bill of Costs (ECF No. 376) is GRANTED, in part, and DENIED, in part as follows:

| | |
|---|---:|
| Fees of the Clerk and Marshal: | $ 110.00 |
| Fees for Printed or Electronically Recorded Transcripts: | 17,058.75 |
| Fees for Witnesses: | 1,281.78 |
| Fees for Exemplification and Copies | 1,408.63 |
| Fees for Interpreter | 300.00 |
| Other Costs: | 856.00 |
| TOTAL COSTS AWARDED: | $21,005.16 |

IT IS SO ORDERED

DATED this 5th day of May 2015

JOHN V. ACOSTA
United States Magistrate Judge

9 – OPINION AND ORDER